TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Joseph Stratton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Stratton, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CBE Group, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Joseph Stratton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Original jurisdiction exists pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Joseph Stratton (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona 85037, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CBE Group, Inc. (hereafter "CBE"), is a company with an address of 1309 Technology Parkway, Cedar Falls, Iowa 50613 and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Agents") are individual collectors employed by CBE and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. CBE at all times acted by and through one or more of the Agents.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt")[1] to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBE Engages in Harassment and Abusive Tactics

12. Beginning in November of 2014, CBE began contacting Plaintiff in an attempt to collect the Debt.

13. During a conversation with Plaintiff, CBE failed to inform Plaintiff that it was calling in an attempt to collect a debt.

14. Moreover, CBE failed to advise Plaintiff from where it was calling.

15. Plaintiff requested a written letter explaining the Debt; however, CBE advised Plaintiff that it was unaware of the details of the Debt.

---

[1] The term "Debt", as used herein, means the alleged financial obligation that Defendants claim Plaintiff owes. Use of the word "Debt" is in no way an admission by Plaintiff that the alleged financial obligation is valid.

16.     CBE failed to send Plaintiff a letter explaining the nature of the Debt.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19.     Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

20.     Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21.     Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

22.     Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     Plaintiff is entitled to damages as a result of the Defendants' violations.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 9, 2015                LEMBERG LAW, LLC


By: _/s/  Trinette G. Kent_
Trinette G. Kent

Attorney for Plaintiff
Joseph Stratton